UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN C. THOMPSON,** )<br>*Plaintiff*, )<br> )<br> )<br>v. )<br> )<br>**DEBRA IRWIN,** )<br>*Defendant,* ) | Civil Action No. 04-6453<br><br>Hon. Jose L. Linares,<br>U.S.D.J.<br><br><br><br>REPORT AND<br>RECOMMENDATION |

## Introduction

This matter comes before me on the motion of defendant Debra Irwin to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The motion was referred to me by Judge Linares. I have considered the papers submitted in support of and in opposition to the motion. There was no oral argument. Rule 78.

## Background

After a prosecutor declined to press unspecified charges, plaintiff Steven C. Thompson pursued his claim in Paterson Municipal Court as a complaining witness. In a letter to the court dated December 1, 2004, plaintiff stated that he suffers from exertion angina and exertion dyspnea. Attached to the letter, in which he claimed he needed additional time to present his case, was plaintiff's 1999 Veterans Administration Checkup Report ("Report"). The Report stated that plaintiff needed additional time to take his college exams. Plaintiff made two requests: (1) trial be adjourned for sixty days, and (2) accommodations be made for his disability. Defendant, a Municipal Court Judge, granted the adjournment and postponed the trial until January 19, 2005. She did not rule on the accommodations request.

On the first day of the trial, defendant disclosed plaintiff's disability to opposing counsel

despite plaintiff's objections. Defendant then stated, "there are accommodations, it [the courtroom] is handicap accessible," and asked plaintiff what a reasonable accommodation would be. Plaintiff made three requests: (1) "First of all I don't want to be rushed by you," (2) "As another accommodation could we stop moving from one thing to another till I get through my testimony," and (3) that a recess be granted when he was stressed or fatigued. Plaintiff then asked defendant for a recess. Defendant then rejected plaintiff's motion for a mistrial and granted defense counsel's motion to dismiss with prejudice. Defendant contends that plaintiff has appealed the dismissal.

Plaintiff then filed the complaint sub judice. He alleges that defendant intentionally mocked his disability, humiliated him, and engaged in racial and socioeconomic prejudice by disclosing his disability and not making the necessary accommodations. He also alleges that the proceedings were done in an informal and ex parte manner. Defendant has moved to dismiss for failure to state a claim and relies on judicial immunity.

### Rule 12(b)(6)

"In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." LG Electronics, Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 582-83 (D.N.J. 2001). A complaint may be dismissed for failure to state a claim Awhere it appears beyond any doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations.@ Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

In reviewing the sufficiency of a complaint, the court plays a limited role: AThe issue is

not whether a plaintiff will ultimately prevail[,] but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Generally, when conducting such an inquiry, material beyond the pleadings should not be considered. Legal conclusions made in the guise of factual allegations are given no presumptions of truthfulness. 416 U.S. at 236. If the plaintiff is pro se, the complaint must be liberally construed. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

### Judicial Immunity

Judicial immunity applies to judges presiding over courts of limited jurisdiction such as the Paterson Municipal Court. See Figueroa v. Blackburn, 208 F.3d 435, 442 (3d Cir. 2000). Judicial immunity is unavailable when a judge engages in non-judicial action or when a judge undertakes an action that, although judicial in nature, is taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991).

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he is in a clear absence of any jurisdiction." Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir. 2000). Hence, a judge ordering a police officer to bring an individual into court with excessive force is entitled to immunity. Stump v. Sparkman, 435 U.S. 349, 362 (1978). Judicial immunity remains available even if there is a grave procedural error or a judge conducted proceedings in an informal and ex parte manner. Gallas, 211 F.3d at 769.

Municipal courts in New Jersey are statutorily created pursuant to N.J.S.A. 2B:12-1. Their limited jurisdiction is set forth at N.J.S.A. 2B:12-17. Here, defendant had jurisdiction to hear plaintiff's charges. Assuming all facts in a light most favorable to plaintiff, it is clear that

defendant acted in a judicial capacity and within her jurisdiction when she denied plaintiff's accommodations request. Defendant ruled on a request made by plaintiff that would determine the manner in which the proceeding before her would continue. Plaintiff's claim that defendant's actions were administrative is a legal conclusion made under the guise of being a factual one. Legal conclusions are not entitled to the presumption of truthfulness. Defendant's decision regarding the accommodations was a judicial act and defendant is entitled to judicial immunity.

## Conclusion

For the reasons set forth above the defendants motion to dismiss should be GRANTED.

Pursuant to Local Civil Rule 72.1(c)(2), the parties have ten (10) days from receipt of this Report and Recommendation to file and serve objections.

s/ Ronald J. Hedges  
Ronald J. Hedges  
United States Magistrate Judge

Copy: Judge Jose L. Linares