NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CLOSED**

| | |
|---|---|
| STEVEN C. THOMPSON, | Civil Action No.: 04-CV-6453 (JLL) |
| Plaintiff, | |
| v. | OPINION AND ORDER ADOPTING THE REPORT AND |
| DEBRA IRWIN, | RECOMMENDATION OF THE MAGISTRATE JUDGE |
| Defendant. | |

This matter comes before the Court on the objections of Plaintiff Steven C. Thompson (hereinafter "Plaintiff") to the July 19, 2005 Report and Recommendation of United States Magistrate Judge Ronald D. Hedges regarding the Defendant Debra Irwin's (hereinafter "Defendant") motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Local Civil Rule 72.1(c)(2), this Court has conducted a de novo review of Magistrate Judge Hedges' July 19 Report and Recommendation to which Plaintiff has objected. For the reasons set forth below, the objections of Plaintiff will be overruled, and the Court grants Defendant's motion to dismiss.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

A detailed factual background of this case is set forth in the July 19, 2005 Report and Recommendation, and will not be repeated here, except where necessary to provide context for the

de novo review of Magistrate Judge Hedges' Report and Recommendation. Plaintiff commenced this action against Defendant on December 30, 2004, alleging violations of state and federal law, specifically, the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act, 42 U.S.C. 2000e et seq.; and Criminal Conspiracy to Interfere with Civil Rights, 18 U.S.C. § 245(b)(2)(B).

On February 18, 2005, Defendant filed a motion to dismiss, which was opposed by Plaintiff. The matter was referred to Magistrate Judge Hedges, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72.1(a)(2) of the Local Civil Rules, and on July 19, 2005 a Report and Recommendation was issued. In his July 19 Report and Recommendation, Magistrate Judge Hedges considered the Defendant's motion to dismiss, solely on judicial immunity grounds, and concluded that Defendant was entitled to judicial immunity because her "decision regarding the accommodations was a judicial act. . . ." (July 19, 2005 Report and Recommendation, at 4). Hence, Magistrate Judge Hedges recommended that this Court grant Defendant's motion to dismiss.

Pursuant to L. Civ. R. 72.1(c)(2), Plaintiff filed objections to Magistrate Judge Hedges' Report and Recommendation within ten days of service. The substance of Plaintiff's objections are the same as the arguments he made in his opposition to the motion to dismiss. Plaintiff also argues that the Report and Recommendation should be completely disregarded because "Judge Hedges does not have the power to be fair and impartial and he does what Judge Martini instructs him to do. . . ."[1] (Plaintiff's Letter dated July 28, 2005, at 2). As explained below, this Court must review the

---

[1] Following Plaintiff's motion for recusal, the Honorable William J. Martini, U.S.D.J. entered an Order granting Plaintiff's motion for recusal. The case was reassigned to this Court on April 5, 2005.

Defendant's motion de novo and owes no deference to Magistrate Judge Hedges' Report and Recommendation. In doing so, this Court has reviewed all of the submissions, the cases cited by the parties and in the Report and Recommendation, and conducted its own research on the issues raised in the Defendant's motion to dismiss and in Plaintiff's objections.

## LEGAL DISCUSSION

**A.      Standard of Review**

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a Magistrate Judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a Magistrate Judge's determination depends upon whether the motion is dispositive or non-dispositive. With respect to dispositive motions, the district court must make a de novo determination of those portions of the Magistrate Judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v.

Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object). Here, Plaintiff objects to the entire Report and Recommendation that dismissed his case on judicial immunity grounds. Therefore, this Court will examine the present motion to dismiss under a de novo standard of review. In conducting this review, the Court "owes no deference to the Magistrate Judge's findings and conclusions." Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 904 (3d Cir. 1992).

**B.     Standards Governing Judicial Immunity**

Generally, "judges are absolutely immune from liability for damages for acts committed within their judicial discretion." Johnson v. State of N.J., 869 F. Supp. 289, 293 (D.N.J. 1994) (citing Stump v. Sparkman, 435 U.S. 349, 359 (1978)). A judge will not be deprived of this immunity even when the action was taken in error, done maliciously or was in excess of his or her authority. Id. This immunity performs a vital role in our democracy in preserving the independence of judicial decision making. The immunity is not designed for the personal benefit of judges, but rather for the benefit of the public at large. It assures that judges decide cases independently and without fear of lawsuits, retaliation or other reprisals. See Hawkins v. Harris, 661 A.2d 284, 288 (N.J. 1995); see also Pierson v. Ray, 386 U.S. 547, 554 (1967).

Judicial immunity applies where (1) the conduct complained of was a judicial act, (i.e., an act that a judge would normally perform in his or her judicial capacity) and (2) the judge had subject matter jurisdiction at the time of his or her action (i.e., the parties were properly before the judge in the judge's judicial capacity). Stump, 435 U.S. at 360; K.D. v. Bozarth, 713 A.2d 546, 549 (N.J. Super. Ct. App. Div. 1968); see also Barrett v. Harrington, 130 F.3d 246, 255 (6th Cir. 1997) (relied on by Plaintiff Thompson).

**C.       Objections to Magistrate Judge Hedges' Report and Recommendation**

Plaintiff objects to the Report and Recommendation by first arguing that Defendant is not entitled to judicial immunity because she was acting in an administrative capacity when she denied his request for a reasonable accommodation and when she disclosed his disability to his adversary. Plaintiff cites Gregory v. Thompson, 500 F.2d 59 (9th Cir. 1974), in support of his argument that judges do not have judicial immunity in every situation in which they exercise their authority to control the courtroom. Gregory, however, is distinguishable in that the judge physically assaulted Gregory after he refused to leave the courtroom, pushed him, threw him on the floor, jumped on him, and beat him. Id. at 61. Faced with these facts, the Ninth Circuit reasonably held that "[t]he decision to personally evict someone from a courtroom by the use of physical force is simply not an act of a judicial nature, and is not such as to require insulation in order that the decision be deliberately reached." Id. at 64. Here, the facts and the Plaintiff's allegations are substantially different. Gregory is thus inapplicable.

The allegations in Plaintiff's Complaint center on a letter to the municipal court dated December 1, 2004 which was not copied to Plaintiff's adversary. In said letter, the Plaintiff set forth that he suffers from exertion angina and exertion dyspnea and requested that the trial be adjourned for sixty days, and that accommodation be made for his disability. Defendant, the municipal court judge presiding over Plaintiff's case, granted an adjournment and postponed the trial. However, Defendant did not rule on the Plaintiff's accommodations request at that time. Instead, Plaintiff alleges, on the first day of trial, in ruling on the accommodations request, Defendant disclosed Plaintiff's disability to opposing counsel, over Plaintiff's objections. Attached to Plaintiff's opposition to the motion to dismiss were portions of the transcript of the aforesaid proceeding.

Pages six through seven of the transcript reveal that Defendant explained to Plaintiff on the record that the December 1 letter was an ex parte communication with the Court that had to be disclosed to Plaintiff's adversary. (Tr. at 6-7).

Plaintiff's Complaint also alleges that Defendant unlawfully failed to have an "interactive conference" with Plaintiff. Plaintiff's argument that the Court was somehow obligated to engage in an interactive process regarding his request for an accommodation is without merit. By way of regulation, the ADA only requires the use of an "interactive process" in the employment context. 29 C.F.R. § 1630.2(o)(3); Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 311 (3d Cir. 1999). In such a case, the employer and employee meet to determine an appropriate reasonable accommodation in the employee's work environment. No case or statutory law has been cited to this Court supporting Plaintiff's argument that a judge, presiding over a trial, must engage in the ADA's "interactive process."[2]

The argument that Defendant's denial of Plaintiff's request for an accommodation was not done in the Defendant's judicial capacity, also fails as the municipal court transcript demonstrates the opposite was the case. In this case, Plaintiff presented portions of the municipal court transcript as supporting evidence to his opposition to the motion to dismiss. Generally, when deciding a motion to dismiss, material beyond the pleadings should not be considered.[3] Doe v. Div. of Youth

---

[2]Moreover, it is generally accepted that it is improper for the Court to have an ex parte communication with a litigant. United States v. Green, 544 F.2d 138, 147 (3d Cir. 1976) ("the court should avoid *ex parte* communications with anyone associated with the trial"); see also N.J. Code of Judicial Conduct Cannon 3(A)(6).

[3]Fed. R. Civ. P. 12(b) provides that on a 12(b)(6) motion, if matters outside the pleadings are presented and not excluded by the court, the motion shall be converted to one for summary judgment and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. However, in the Third Circuit, such conversion is at the

& Family Servs., 148 F. Supp. 2d 462, 481 (D.N.J. 2001) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). However, viewing the facts in a light most favorable to the Plaintiff the Court has reviewed said transcript. The transcript reveals the following colloquy during the course of the municipal court trial:

> MR. THOMPSON: Well, I note my objection that you failed to provide a reasonable accommodation, Your Honor.
>
> THE COURT: What reasonable accommodation did you - -
>
> MR. THOMPSON: I set them forth in my letter and you - -
>
> THE COURT: Sir, what is the reasonable accommodation? This court is handicap accessible.
>
> MR. THOMPSON: Excuse me, the statute is cited, Your Honor - -
>
> THE COURT: Sir, what is not a reasonable accommodation for you?
>
> MR. THOMPSON: A reasonable accommodation, can I put it on the record, Your Honor.
>
> THE COURT: What is - - sir, what is not the reasonable accommodation that you don't have here (sic)?
>
> MR. THOMPSON: First of all I don't want to be rushed by you.

(Tr. at 19).

> MR. THOMPSON: As another accommodation, Your Honor, could we stop moving from one thing to another until I get through my testimony?
>
> THE COURT: Sir, they objected to your testimony. That's not a means of accommodation. . . .

---

discretion of the court where the matters outside the pleadings consist only of: (1) matters attached to the complaint; (2) matters incorporated into the pleadings by reference; (3) matters of public record; and (4) matters integral to or upon which plaintiff's claim is based. In re Bayside Prison Litig., 190 F. Supp. 2d 755 (D.N.J. 2002) (citations omitted). Because the transcript included in "Plaintiff's Amended Opposition to Defendant's Motion 12(b)(6)" meets (2), (3) and (4) above, this matter will not be converted to a Rule 56 summary judgment motion.

(Tr. at 50).

>MR. THOMPSON: I'm not feeling well, Your Honor, can we take a break?
>
>THE COURT: Sir, we're continuing - - no, we're not taking a break, sir.
>
>MR. THOMPSON: Would you make that accommodation for me, Your Honor?
>
>THE COURT: Sir, I'm not taking a break. We have done very little. I have other cases on for trial, let's continue, sir.

(Tr. at 64).

>MR. THOMPSON: I need a break, Your Honor.
>
>THE COURT: Well, how long a break do you need?
>
>MR. THOMPSON: About a 10 minute break, Your Honor.
>
>THE COURT: Well, I'll give you five minutes, so I can deal with the other two cases, because obviously they're not going to get reached today. I'll give you a five minute break. And I'll also tell you, we're going to go about - - about another hour in this matter.
>
>MR. THOMPSON: That's plenty of time, Your Honor.

(Tr. at 66).

Both elements necessary to establish judicial immunity are easily satisfied here. As for the first element, Defendant's control over her courtroom and whether or not to break during a judicial proceeding are surely within the scope of functions that are "normally performed by a judge." Stump, 435 U.S. at 362; Sheppard v. Maxwell, 384 U.S. 333, 358 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom). As demonstrated by the above colloquy, Plaintiff made his accommodations request to Defendant as the judge presiding over his case. As for the second element, the parties were appearing before the Defendant for a trial in an action brought by Plaintiff. Under the circumstances, it is undisputed that Defendant had jurisdiction to hear the lawsuit before her. N.J.S.A. 2B:12-17. Thus, Defendant meets the second element because

she had subject matter jurisdiction at the time of her actions. Defendant's disclosure of Plaintiff's <u>ex parte</u> communication to Plaintiff's opposing counsel, and Defendant's alleged subsequent denial of the request for accommodation, were clearly within the scope of Defendant's judicial capacity.

Plaintiff's objection to Magistrate Judge Hedges not having oral argument on this motion, is rejected. As stated in Appendix 2 of the New Jersey Federal Practice Rules, Magistrate Judge Hedges' practice is that, "Parties should assume that there is no oral argument." This is also this Court's practice and is not unusual. In fact, Federal Rule of Civil Procedure 78 specifically provides for this. Plaintiff availed himself of the opportunity to submit written opposition to Defendant's motion, which was received and considered by Magistrate Judge Hedges. Therefore, Plaintiff's objection is without merit.

Also, in his objection to the Report and Recommendation, Plaintiff, for the first time, takes issue with Magistrate Judge Hedges presiding over this case as a magistrate judge. This argument is not only untimely, but lacks basis. It is well known that Magistrate Judge Hedges is the magistrate judge assigned to work not only with Judge Martini, but also with this Court. If the Plaintiff had an issue with Magistrate Judge Hedges being involved in his case, a proper motion should have been made when this matter was first reassigned to this Court. Also, despite Plaintiff's argument that his motion for Judge Martini's recusal "did include or should have included Judge Hedges," it did not. The Court has thoroughly reviewed Plaintiff's motion for Judge Martini's recusal, and while the allegations in said motion do allege some improprieties by Magistrate Judge Hedges, nowhere in that motion was any request made for Magistrate Judge Hedges' recusal. Therefore, this objection by Plaintiff is rejected. In any event, as previously stated, pursuant to Local Civil Rule 72.1(c)(2), this Court has conducted a <u>de novo</u> review of Magistrate Judge Hedges' July 19 Report and

Recommendation to which Plaintiff has objected, so any concerns about Magistrate Judge Hedges' involvement with this case are moot.

Lastly, in Plaintiff's objection he concludes by stating that "Judge Hedges failed to address the other issue as set forth in Mr. Thompson's complaint – these matters are to [be addressed] before the Honorable Jose L. Linares, U.S.D.J." (Pl.'s Objection, at 7). Although Plaintiff fails to articulate what he is talking about when he references "the other issue," the Court has reviewed the Complaint and concludes that the only other issue that is mentioned in the Complaint is Count Six asserting a violation of 18 U.S.C. § 245(b)(2)(B) for conspiracy to harass and intimidate. Pursuant to 18 U.S.C. § 242, a violation of section 245(b)(2)(B), as alleged by Plaintiff, would be grounds for criminal penalties as a result of a willful violation of a constitutional right under color of law. It is well established, however, that a violation of this section is not grounds for civil liability. Dugar v. Coughlin, 613 F. Supp. 849, 852 (S.D.N.Y. 1985) ("Sections 241, 242, and 245 relate to deprivation of civil rights, however there is no private right of action under any of these statutes."); People ex rel. Snead v Kirkland, 462 F. Supp. 914 (E.D. Pa. 1978) (18 U.S.C. § 245 does not confer substantive rights nor private action for damages); Dodge v Nakai, 298 F. Supp. 17 (D.C. Ariz. 1968) (18 U.S.C. § 245 does not create civil cause of action). In addition, any common law tort that could be discerned from such an alleged violation would, under the facts of this case, be subject to judicial immunity. Since Plaintiff cannot assert such a claim in a civil action, and any common law tort would be subject to judicial immunity, this Court also dismisses Count Six.

## CONCLUSION

Having reviewed Magistrate Judge Hedges' Report and Recommendation and the record of this case, including the Plaintiff's objections and Defendant's response thereto, this Court: (1) rejects Plaintiff's objections to the Report and Recommendation of Magistrate Judge Hedges dated July 19, 2005; (2) adopts Magistrate Judge Hedges' Report and Recommendation granting Defendant's motion to dismiss; and (3) Count Six, although not addressed by Magistrate Judge Hedges' in the Report and Recommendation, is dismissed for failure to state a claim.

For the reasons set forth above, it is on this 8th day of September, 2005, hereby:

**ORDERED** that Plaintiff's objections to the Report and Recommendation of Magistrate Judge Hedges dated July 19, 2005 are hereby REJECTED; and it is further

**ORDERED** that Defendant's motion to dismiss is hereby GRANTED; and, it is further

**ORDERED** that Civil Action No. 04-6453 is hereby DISMISSED and the case is now CLOSED.


DATED: September 8, 2005

/s/ Jose L. Linares
JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE